IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-177 |
| | § | |
| RAKESH PATEL | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Rakesh Patel's Motion for Evidentiary Hearing and Resentencing ("Motion for Resentencing") [Doc. # 297], to which the United States filed a Response in Opposition [Doc. # 322], and Rakesh Patel's Motion for the Withdrawal of the Court's Order to Surrender [Doc. # 315], to which the United States filed a Response in Opposition [Doc. # 326]. The Court has reviewed the record in this case, including the motions and the responses. Based on this review and the application of relevant legal authorities, the Court **denies** Rakesh Patel's motions.

On November 21, 2008, Rakesh Patel entered a plea of guilty to one count of conspiracy to encourage and induce illegal immigration and commit visa fraud. *See* Rearraignment Minutes [Doc. # 132]; Plea Agreement [Doc. # 134]. On December 14, 2009, the Court sentenced Rakesh Patel to a term of imprisonment for

fifteen (15) months, a sentence three months below the advisory Guideline range of 18 to 24 months. The written Judgment in a Criminal Case [Doc. # 301] was signed by the Court on December 23, 2009.

On December 28, 2009, Defendant filed his Motion for Resentencing asking the Court to "reconsider his fifteen-month prison sentence" and to reduce his sentence to a term of probation, house arrest, or a lesser sentence. *See* Motion for Resentencing, p. 17.

Title 18, United States Code, section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in very limited circumstances. 18 U.S.C. § 3582(c); *United States v. Marion*, 79 F. App'x 46 (5th Cir. Oct. 22, 2003). Section 3582(c)(1)(A) permits a Court to modify a term of imprisonment on motion of the Bureau of Prisons, § 3582(c)(1)(B) permits a Court to reduce a sentence to the extent provided by Rule 35 of the Federal Rules of Criminal Procedure or other applicable statute, and § 3582(c)(2) allows the Court to reduce a sentence imposed pursuant to the Sentencing Guidelines if the sentencing range has subsequently been lowered by the Sentencing Commission. *Id.* Defendant does not cite the Court to or argue the applicability any of the exceptions, and the Court finds that none apply in this case. Fundamentally, in the sentencing context "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."

*United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008) (quoting *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006)). Consequently, the Court is without jurisdiction to entertain Defendant's Motion for Resentencing. *See Marion*, 79 F. App'x at 46.

The Court notes for purposes of a complete record that, even if there were jurisdiction to consider Defendant's Motion for Resentencing, the Court would deny the requested relief. Contrary to Defendant's current assertion that he was coerced by Co-Defendants into engaging in the alleged criminal conduct, Defendant admitted in connection with his plea of guilty that he engaged in the conduct that forms the basis for his conviction in order to assist his family members to gain entry into the United States. *See* Plea Agreement, pp. 9-12. Defendant's argument that "Mack Patel's Lies" influenced the Court's decision regarding the appropriate sentence for Rakesh Patel is also without merit. Indeed, the Court rejected Mack Patel's assertion that Rakesh Patel signed a relevant document, and it sentenced Rakesh Patel independently from any assertions by Mack Patel. The Court properly calculated the applicable Guideline range, concluding based on the full record that Rakesh Patel did not qualify as a minor or minimal participant in the conspiracy. Defendant's complaint that certain Co-Defendants received lesser sentences fails to recognize the

importance of cooperation provided by those Co-Defendants, cooperation that Rakesh Patel declined to provide.

The Court carefully considered the full record and the parties' arguments at sentencing, made necessary findings, and calculated the applicable Guideline range for Defendant. The Court then considered the relevant sentencing factors and concluded that a sentence below the Guideline range was appropriate. Nothing presented by Defendant in his Motion for Resentencing indicates to the Court that the fifteen-month term of imprisonment should be reduced. Accordingly, because it lacks jurisdiction under § 3582(c) and because the Court is not persuaded that the sentence imposed should be modified, it is hereby

**ORDERED** that the Motion for Resentencing [Doc. # 297] is **DENIED**. Because the Motion for Resentencing has been denied, it is further

**ORDERED** that the Motion for the Withdrawal of the Court's Order to Surrender [Doc. # 315] is **DENIED**.

Signed at Houston, Texas, this **4th** day of **February, 2010.**

Nancy F. Atlas
United States District Judge